## City of Chicago, Appellee, v. Nathan Salmitsky, Appellant.

### Gen. No. 24,323.

MUNICIPAL COURT OF CHICAGO, § 39*—*when judgment affirmed and appeal not dismissed in prosecution for violation of city ordinance.* A judgment of conviction in the Municipal Court of Chicago for violation of an ordinance will be affirmed and the appeal not dismissed, under Rev. St. ch. 110, sec. 100 (J. & A. ¶ 8637), relating to affirmance of judgments for failure to file copies of judgments, orders or decrees appealed from within the specified time by the Appellate Court, or dismissal of the appeal, when it appears that violators of ordinances have, on conviction, been in the habit of praying an appeal without any intention of perfecting it and bringing the record to the Appellate Court for review, and with the intention, when the appeal is dismissed, of suing out a writ of error to review the judgment, thus multiplying judicial procedure, and the defendant had perfected his appeal but had failed to bring the record to the Appellate Court in time for review.

Appeal from the Municipal Court of Chicago; the Hon. J. A. SWANSON, Judge, presiding. Heard in this court at the March term, 1918. Motion allowed and judgment affirmed. Opinion filed March 25, 1918.

No appearance for appellant.

HARRY B. MILLER and DANIEL WEBSTER, for appellee.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

Appellant was convicted in the trial court of a vio-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

lation of section 2012 of the Municipal Code and sentenced to pay a fine of $100 and also the costs of $6. In default of payment of said fine and costs he was committed to the house of correction, there to remain imprisoned at hard labor until said fine and costs were paid, such imprisonment not, however, to exceed the period of 6 months, from which judgment and sentence appellant prayed for, obtained and perfected an appeal to this court to the March term, 1918, thereof. Appellant however failed to bring the record to this court within the time provided by statute. Appellee has caused the case to be docketed and has filed a short record and now moves that, in accord with section 100, ch. 110, Rev. St. (J. & A. ¶ 8637), the judgment of the Municipal Court be affirmed. Section 100, *supra,* provides that this court may, in the condition of the record in this case, on motion, either affirm the judgment or dismiss the appeal. It has been the practice heretofore to dismiss such appeals and not to affirm the judgment.

It has, however, been made to appear to the court that violators of such ordinances have, on conviction, been in the habit of praying an appeal without any intention of perfecting the same and bringing the record to this court for review, and with the intention, when the appeal is dismissed, of suing out a writ of error to review the judgment, which course of conduct results in a miscarriage of justice in multiplying judicial procedure and in placing unusual and unnecessary burdens upon the prosecuting department of the city.

We will assume that to avoid such consequences the statute was enacted giving this court dual powers —either to dismiss or to affirm, as their judgment may dictate to be most consonant with justice.

The motion of appellee to affirm the judgment of the Municipal Court is allowed and that judgment is affirmed.

*Motion allowed and judgment affirmed.*